BROWN, C.J.,
Dissenting.
Plaintiff, a 62-year-old construction supervisor, had a work-related accident. Plaintiff indicated that he was in good health when debris fell down upon him. The amount of debris is in dispute. As a result, plaintiff suffered neck and shoulder injuries. Whether he also aggravated a degenerative back condition is disputed. There was no evidence that there had been an intervening event.
The accident occurred on October 26 and soon afterward plaintiff complained of neck and shoulder pain. About two months after the accident, plaintiff reported to his physician low back pain and shortly thereafter, Dr. Brown gave plaintiff a permanent impairment rating due to his back condition. The Social Security Administrative Law Judge, Charles Lindsay, found that “based on the medical evidence and the established residual functional capacity, the claimant is unable to return to either of his former occupations.” As stated by the majority, “an employee’s pre-existing condition does not disqualify his claim if the work-related injury either aggravated or combined with the infirmity to produce the disability for which the compensation is claimed.” The short time between the accident and plaintiffs complaints of back pain is insufficient to be characterized as an intervening event. This is particularly true when there were immediate complaints and related treatment for neck and shoulder pain. As stated by the majority, there is a presumption of a causal connection between the accident and the disabling condition when there are no disabling symptoms before the accident but, commencing with the accident, the symptoms appear. I believe the WCJ was clearly wrong.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, CARAWAY, PEATROSS, and MOORE, JJ.
Rehearing denied.
BROWN, C.J., and would grant rehearing.